**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YOGESH KUMAR,

            Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

            Respondent.

No. 08-71611

Agency No. A077-172-366

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Yogesh Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, and de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law, including claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kumar's motion to reopen as untimely where the motion was filed eleven months after the BIA's final decision. *See* 8 C.F.R. § 1003.2(c)(2). Kumar failed to show that he acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as he "act[ed] with due diligence in discovering the deception, fraud, or error"), and he also failed to present sufficient evidence of changed circumstances in India to qualify for an exception to the time limits, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

To the extent Kumar challenges the BIA's underlying decision dismissing his appeal from an immigration judge's denial of his asylum, withholding of removal, and Convention Against Torture claims, we lack jurisdiction because this petition is not timely as to that decision. *See Stone v. INS*, 514 U.S. 386, 504 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**